**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JOHN RYAN ROMERO,

      **Plaintiff,**

      **v.**                                 **CASE NO.  22-3235-JWL-JPO**

ADVANCED CORRECTIONAL
HEALTHCARE, et al.,

      **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff filed this pro se case under 42 U.S.C. § 1983.  Plaintiff is a pretrial detainee at the Russell County Jail in Russell, Kansas.  On October 17, 2022, the Court entered an Order to Show Cause (Doc. 4) ("OSC") granting Plaintiff until November 10, 2022, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the OSC. Plaintiff has failed to respond by the Court's deadline.

Plaintiff alleges in his Complaint that a nurse employed by Advanced Correctional Healthcare, a private company, attempted to draw blood from Plaintiff while he was detained at the Russell County Jail.  Plaintiff alleges that she switched needles only once, that after multiple failed attempts from one arm, she switched to his other arm, that she did not wear a glove or sanitize her hands, and that she asked him in front of a corrections officer if he was a needle user or had HIV.  Plaintiff alleges medical malpractice and a HIPAA violation.  He seeks damages and to have the nurse terminated from her employment.

The Court found in the OSC that Plaintiff's claims failed to show that he was deliberately exposed to an excessive risk of harm or that he sustained an injury.  (Doc. 4, at 4.)  The Court also found that while Plaintiff asserts a claim of medical malpractice, a "negligent failure to

provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corr.,* 165 F.3d 803, 811 (10th Cir. 1999).

The Court also found that Plaintiff's claim of a HIPAA violation does not state a claim for relief under § 1983.  The Tenth Circuit Court of Appeals has determined that HIPAA does not create a private right of action for unlawful disclosures of medical information. *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010) ("Any HIPAA claim fails as HIPAA does not create a private right of action for alleged disclosures of confidential medical information.").

Lastly, the Court found that to the extent Plaintiff seeks the termination of the nurse's employment, he cannot obtain that relief in this action. *See, e.g., Nicholas v. Hunter,* 228 F. App'x 139, 141 (3rd Cir. 2007) ("The remaining relief requested is not available as the District Court lacks authority to order a federal investigation and prosecution of the defendants or the termination of their employment."); *Martin v. LeBlanc*, 2014 WL 6674289, at n. 1 (W.D. La. Nov. 24, 2014) (finding that where plaintiff requested an investigation, the termination of the defendants' employment and the closure of the prison, "[s]uch relief is not available in this action").

The OSC provides that "[t]he failure to file a timely response may result in the dismissal of this matter without additional prior notice."  (Doc. 4, at 5.)  Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the OSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 2) is **denied.**

**IT IS SO ORDERED**.

**Dated November 17, 2022, in Kansas City, Kansas.**

<div style="margin-left:40%">

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

</div>